UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT GHOSIO, JR., on behalf of
Nominal Defendant WHITNEY
INFORMATION NETWORK, INC.,

    Plaintiff,

v.                        CASE NO: 2:07-cv-150-FtM-UA-SPC

RUSSELL A. WHITNEY, NICHOLAS
S. MATURO, FREDERICK A. CARDIN,
CHESTER P. SCHWARTZ, and
RONALD S. SIMON,

    Defendants.
and

WHITNEY INFORMATION NETWORK, INC.,

    Nominal Defendant.
_____/

**O R D E R**

Before the Court are three motions to dismiss the Verified Complaint (Dkt. 1) in a shareholder derivative suit against the corporation Whitney Information Network, Inc.: (1) Russell A. Whitney's Motion to Dismiss (Dkt. 28); (2) the Outside Directors' Motion to Dismiss (Dkt. 29); and (3) Ronald S. Simon's Motion to Dismiss. (Dkt. 30.) Plaintiff filed a Response in Opposition. (Dkt. 38.) After careful consideration of the allegations of the complaint and the applicable law, the Court concludes that the motions should be granted and the Plaintiff should be given an opportunity to replead.

The complaint in this action was filed on March 8, 2007, and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), was decided on May

21, 2007. All three motions to dismiss rely in part on Twombly in support of the asserted inadequacy of the allegations of the complaint. Twombly imposes a pleading standard under Rule 8(a)(2) of plausibility—"one of 'plausible grounds to infer.'" Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly, 127 S.Ct. at 1965). "The main Rule 8(a)(2) standard now seems to be whether the 'allegations plausibly suggest[] ([and are] not merely consistent with)' a violation of the law." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 n. 43 (11th Cir. 2008) (quoting Twombly, 127 S.Ct. at 1969). Based on the Court's reading of the complaint, the complaint must be repleaded because it does not sufficiently identify "facts that are suggestive enough to render [the element] plausible." Watts, 495 F.3d at 1296 (quoting Twombly, 127 S.Ct. at 1965).

The allegations must be delineated among the six defendants so that it is clear which defendant committed which acts or omissions. The conduct of each director which forms the basis of Plaintiff's claims must be alleged and attributed to a particular director. As to the allegations with respect to futility of any demand on the six directors of the corporation and the shareholders, Plaintiff must specify why demand was futile as to each of the directors and why demand upon the shareholders is excusable. See Fed.R.Civ.P. 23.1. The adequacy of pleading futility of a demand is determined by the law of the corporation's state of incorporation. See Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 108-109, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991); Stepak v. Addison, 20 F.3d 398, 402 (11th Cir. 1994); McCabe v. Foley, 424 F.Supp.2d 1315, 1319 (M.D. Fla. 2006). In this

case, the state of incorporation of WIN is Colorado and, therefore, Colorado law governs the extent of the demand requirement.[1]  The complaint shall therefore be dismissed without prejudice to Plaintiff refiling an amended complaint that comports with this order.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Russell A. Whitney's Motion to Dismiss (Dkt. 28) is **GRANTED**.

(2) The Outside Directors' Motion to Dismiss (Dkt. 29) is **GRANTED**.

(3) Ronald S. Simon's Motion to Dismiss (Dkt. 30) is **GRANTED**.

(4) Plaintiff shall file an amended complaint consistent with this order within fifteen (15) days.

(5) Defendants shall respond to the amended complaint within twenty (20) days of service.

**DONE AND ORDERED** at Tampa, Florida, on November 19, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1] For Colorado law regarding allegations of futility, see Hirsch v. Jones Intercable, Inc., 984 P.2d 629 (Colo. 1999).

-3-